Novkovic, Plaintiff in error, vs. The State, Defendant in error.

*March 16—April 3, 1912.*

*Criminal law: Murder: Separate trials: Evidence: Confessions of co-defendant: Conspiracy: Instructions to jury.*

1. There was no abuse of discretion in denying an application by one of two defendants jointly charged with murder, for a separate trial on the ground that she desired to call her codefendant as a witness, where, previous to the trial, such codefendant had made two confessions in both of which he implicated her, and there was no showing that he had changed his attitude or

had made any different statements or was willing to, but merely the affidavit of the moving party, made on information and belief, that she could prove by him that she was not guilty; and where upon the trial such codefendant declined to take the stand.

2. Where such application was also based on the ground that the confessions of the codefendant were calculated to prejudice her upon a joint trial, it was not error to deny it if such confessions were proper to go before the jury in case she were tried separately.

3. The mere fact that defendants jointly charged with murder were co-conspirators in the crime, does not render the confession of one admissible against the others.

4. Upon *prima facie* proof that one of two codefendants admitted the truth of a confession made by the other, such confession becomes competent evidence against the former.

5. The trial court having had the advantage of seeing the witnesses on the stand and hearing them testify, its decision to admit the confession of one defendant as evidence against his codefendant is sustained notwithstanding the written testimony is not clear,—particularly in view of the fact that the jury was instructed to disregard such confession unless satisfied beyond a reasonable doubt that its truth was admitted by the codefendant.

6. Erroneous general instructions as to the admissibility of statements and acts of co-conspirators and the evidence of an accomplice, referring evidently to confessions of a codefendant who did not testify, were rendered harmless by an explicit instruction that such confessions were binding only on the defendant making them unless, beyond a reasonable doubt, they were acquiesced in and assented to by the other.

7. The trial court is not required in a criminal case, even upon request, to take up the different items of evidence relied on to establish the defendant's guilt and instruct the jury as to each that it is insufficient in itself to prove guilt.

8. Upon the trial of a wife and her alleged paramour for the murder of her husband, a requested instruction to the effect that the jury must find the wife not guilty unless "she was an active participant in the design and doing her part at the time in its furtherance," was misleading, in that the jury might infer therefrom that the wife could not be convicted unless she assisted the other defendant in delivering the blows which resulted in her husband's death, and was therefore properly refused, the court correctly charging that it was sufficient if a conspiracy in fact existed and the wife conspired, confederated, and agreed with her codefendant to commit the murder.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Affirmed.*

The plaintiff in error, hereinafter called the defendant, was convicted of the crime of murder in the first degree. The murdered man, Steve Novkovic, was the husband of the defendant, and he was stabbed to death on the evening of July 23, 1911, by one Pajo Mravic. The evidence upon which the defendant was convicted, with the exception of a confession made by Mravic, was circumstantial. After the murder was discovered the defendant and Mravic were taken to the office of the chief of police and interrogated. The defendant told her story first and was followed by Mravic. Both were sworn and interrogated at the coroner's inquest, the defendant again being examined first. The principal difference between their statements related to the responsibility of the defendant for the crime committed. Mravic stated that he had sustained illicit relations with the defendant for a considerable period of time before the murder was committed; that defendant expressed a desire to be rid of her husband and encouraged him, Mravic, to kill him; that she said her husband was brutal to her, and a drunkard, and that in the event of his death she would get $800 from a society to which he belonged and that with this money she and Mravic could have a good living; that she was getting no money from Mravic and he was refusing to do anything to her husband and they could not love each other any more; that on the day of the murder he went to Novkovic's boarding house about 4 o'clock in the afternoon, and the latter asked him to go to one of the parks and join a society he belonged to, and that he, Mravic, asked *Mrs. Novkovic* if she would go along with them, to which she replied that she would not because he would not do anything to her husband "to get him away;" that he then said, "All right, if you want me to kill him I will do it tonight, and you are going to get my head off with this;" to which she replied she would keep still about it; that he then told her to dress her-

self; if she wanted him to do anything it would be tonight; that all three of them started for the park, first visiting the "Zoo" and later going to another park. They seemed to have some difficulty in locating the park where the society to which Novkovic belonged was holding a picnic. They went to a saloon and had some drinks, then boarded a street car and went a couple of blocks to the end of the line and then started on foot for the place where they were informed the picnic was. By this time it was about half past 9 o'clock in the evening and it was dark and raining. Mravic said the defendant was walking ahead, that he was next, and that Novkovic brought up the rear, and that defendant said to him, "There is nobody here, now you got a chance to do it," and that he answered "be quiet." After proceeding a little farther, Mravic stabbed Novkovic in the throat and inflicted about a score of wounds on him, any one of a half dozen of which would have been fatal. Defendant and Mravic then returned and had sexual intercourse on the way home. The parties were Croatians and could not speak English. There was a Croatian on the car on which they rode home, but defendant said nothing to him about the murder. On arriving home she told her boarders that a couple of bums had done up her husband, but said she could not tell where they were when the attack was made.

The defendant admitted that she had sexual intercourse with Mravic a number of times before the murder and also on the night of the murder and after it was committed. In the statement made before the chief of police she said these acts were not voluntary on her part, but that she submitted because she was afraid of Mravic. In the statement made before the coroner she admitted acts of intercourse, including one act on the night the killing took place, but did not claim that she was acting under duress. In the statements made before the coroner and before the chief of police she denied that she knew Mravic was going to kill her husband. There is no very material difference between the statements of

Mravic and defendant as to the movements of the parties on the day of the killing, or as to what transpired, except as has already been noted.

The interpreter who acted at the examination before the chief of police testified that defendant told him after Mravic concluded his statement that she had nothing to say against it, that she had no objection to it, but that everything she said was true. This alleged statement made to the interpreter was not taken down by the reporter.

The interpreter who acted at the coroner's inquest might have understood the Croatian language very well, but the record indicates that the use of English came awkwardly to him. He testified that defendant sat close to Mravic so that she could hear all he said and that she did nothing to indicate that she disapproved of his statement. He also testified that he asked her if she heard what Mravic said and that she replied in the affirmative. He then detailed a conversation which took place between them, and which may be fairly said to mean that he asked her whether Mravic's confession was true, and that she replied that it was all right.

For the plaintiff in error there was a brief by *E. T. Fairchild,* attorney, and *Lenicheck, Robinson, Fairchild & Boesel,* of counsel, and oral argument by *E. T. Fairchild.*

For the defendant in error there was a brief signed by the *Attorney General, Winfred C. Zabel,* district attorney, and *Andrew Gilbertson,* assistant district attorney of Milwaukee county; and the cause was argued orally by *Russell Jackson,* deputy attorney general, *Mr. Zabel,* and *Mr. Gilbertson.*

BARNES, J. The defendant moved for a separate trial, which motion was denied. At the close of the state's evidence the defendant asked that the court instruct the jury that the statements made by Mravic before the chief of police and the coroner were binding on him only. This request was denied. The defendant later asked that the jury be instructed that the

confessions of Mravic were binding on him only, unless they were satisfied beyond a reasonable doubt that the defendant *Novkovic* assented thereto, and that unless they were so satisfied they should dismiss the confessions from their minds as to her and return a verdict of not guilty, unless they were satisfied by other evidence beyond a reasonable doubt that she was guilty. The court instructed the jury that the statements of Mravic were not binding on his codefendant and could not "be considered against her unless you are satisfied beyond a reasonable doubt that said *Marie Novkovic* assented to such statements actually or impliedly."

The errors assigned and argued are that the court was wrong (1) in refusing to grant *Mrs. Novkovic* a separate trial; (2) in permitting the jury to consider the confessions of Mravic as evidence against her; (3) in charging the jury; (4) in excluding competent evidence; (5) in not discharging the defendant *Novkovic;* and (6) in refusing a new trial, and in denying said defendant's motion in arrest of judgment.

The reasons assigned for granting a separate trial to *Mrs. Novkovic* were set forth in an affidavit which she filed in support of the motion, and were two in number. First, because she desired to call her codefendant as a witness in her behalf; and, second, because the confessions of Mravic which were competent evidence against him were not so as against her and would be highly prejudicial to her if permitted to go before the jury which tried her.

The right of two or more defendants jointly informed against to have separate trials is discussed in *Emery v. State,* 101 Wis. 627, 638, 78 N. W. 145. It is there said:

"Where persons are so circumstanced as to be properly triable together for a criminal offense, separate trials are not demandable as of right, except it be shown that a joint trial will so clearly be seriously prejudicial to one of the parties as to require a separate trial as to him to prevent injustice. The refusing or granting of such a motion is wholly within the dis-

cretion of the trial court, and its exercise, as in other cases of the exercise of discretionary power, cannot be successfully questioned except for a plain abuse of it. That was the rule at common law, and though it has been changed in many jurisdictions by statute, it has not been changed in this state."

In discussing the right of one defendant to have the benefit of the testimony of the wife of a codefendant, the court further said:

"It may well be said, when the testimony of the wife of one defendant is material and reasonably necessary to the defense of a codefendant, that a severance should be granted on motion of the person seeking to obtain the benefit of such testimony, and that a denial of it is the denial of a right, because a fair exercise of judicial discretion would result in granting it; but in the absence of a clear showing that the evidence of the wife in the circumstances stated is necessary and material to the defense of a codefendant, the motion for a severance may properly be denied."

We do not think the trial court abused its discretion in refusing to grant a separate trial as to the defendant *Novkovic* because of her claim that Mravic was a material witness in her behalf and that she desired to use his testimony. Mravic had made two confessions, one of which was under oath, and in both of them he strongly implicated his codefendant. There was no showing that he had experienced a change of heart or that he would tell any different story, except a statement on information and belief made by *Mrs. Novkovic* in her affidavit. It was not shown that Mravic had ever made any statements different from those contained in his confessions or that he was willing to do so if called as a witness. As a matter of fact he declined to take the stand. Neither did the affidavit disclose the facts which plaintiff in error expected to prove by Mravic. All the court had before it was her mere conclusion, made on information and belief, that she could prove by Mravic that she was not guilty. We think the plaint-

iff in error failed to make any sufficient showing that she was prejudiced by reason of being unable to use her codefendant as a witness.

The second point urged is that the confessions of Mravic, being competent testimony against him, were of such a nature as to be necessarily prejudicial to *Mrs. Novkovic,* and that a separate trial should have been granted for this reason. If these confessions were proper to go before the jury in case she was tried separately, no prejudice could result from trying her jointly with her codefendant. The trial court refused to charge the jury that Mravic's confessions were binding on him only and could not be considered in determining the guilt of his codefendant. This refusal is also assigned as error, and these two assignments will be considered together.

On behalf of the state it is contended that the confessions of Mravic were competent evidence against his codefendant on two grounds: First, because the defendants were co-conspirators and the declarations of one were admissible against the other; and, second, because the defendant *Novkovic* admitted the truth of the statements made by her codefendant, and in effect made his admissions hers.

It is clear that the first ground is not well taken. Where the design of a conspiracy is accomplished, no one of the conspirators by any act or declaration is permitted to affect the others engaged in it. *Miller v. State,* 139 Wis. 57, 88, 119 N. W. 850, and cases cited.

The trial court evidently was of the opinion that there had been *prima facie* proof that *Mrs. Novkovic* had admitted the truth of Mravic's confessions and thus made them her own. If this view was correct, such confessions were competent evidence against her.

We are unable to find any evidence in the record which shows that *Mrs. Novkovic* admitted that the statement made by Mravic before the chief of police was true in its entirety. We think the evidence is to the contrary. If Mravic's state-

ment before the coroner was competent evidence against his codefendant, she was not prejudiced by the admission of the first confession, because there was no material difference between the two. The first confession went more into detail than the second, but the latter showed, if true, that the defendants had been criminally intimate before and after the murder; that *Mrs. Novkovic* had solicited her codefendant to kill her husband, and that on the night of the murder she suggested what she thought was the appropriate time for doing the act. These were the essential points covered by the first confession that tended to establish *Mrs. Novkovic's* guilt.

We have had some difficulty in satisfying ourselves that the evidence was sufficient to show *prima facie* that *Mrs. Novkovic* admitted the truth of the confession of Mravic before the coroner. The interpreter was not very familiar with the English language, and, while some of his evidence strongly tends to show such an admission, there is a good deal of it that is badly confused. The trial court had the benefit of seeing this witness on the stand, and it may be that what he intended to testify to was more apparent to one who listened to him than it is to one who must get his information from reading the interpreter's narrative. On the whole we are unable to say that the court was wrong in permitting the confessions of Mravic to be considered as evidence against his codefendant, particularly inasmuch as the jury was informed that the confessions must be disregarded as to *Mrs. Novkovic* unless the jury was satisfied beyond a reasonable doubt that she admitted their truth.

The court gave the following instructions to the jury:

"(2) In order that the statements and acts of the alleged conspirators in the execution of the common purpose can be properly considered on the question of the guilt or innocence of the accused, it is essential that the jury must first be satisfied by the evidence beyond a reasonable doubt that a conspiracy in fact existed between the said two defendants to kill and murder Steve Novkovic at the time and place charged."

"(7) You are also instructed that the evidence of an accomplice is competent evidence in a criminal case upon which to base a verdict of guilty, provided it is of such a character, taken in connection with all the other evidence in the case, as to satisfy you of the guilt of the defendant beyond a reasonable doubt, but you should examine such evidence with the utmost care and caution, scrutinize it closely and weigh it in the light of all the attendant circumstances as shown by the whole evidence, and you should not base a verdict of guilty upon it alone unless after such scrutiny it satisfies you of the guilt of *Marie Novkovic* beyond a reasonable doubt."

The first of these instructions was wrong as applied to the facts in this case, under the decision in *Miller v. State,* 139 Wis. 57, 119 N. W. 850. The second would have been correct had Mravic testified as a witness on the trial. Not having testified, the instruction could only relate to the confessions which he made. These instructions standing alone might lead the jury to believe that the confessions of Mravic, if he were either a co-conspirator with his codefendant or an accomplice of hers, would be evidence properly admissible against her to establish her guilt. These instructions were general in form and did not direct the attention of the jury to any specific evidence in the case, and we think in view of the following instruction dealing directly with Mravic's confessions they did not prejudice the defendant:

"Certain statements made by the defendant Pajo Mravic having been admitted in evidence in this regard, you are instructed that they are not binding upon *Marie Novkovic* unless you are satisfied beyond a reasonable doubt that she acquiesced in them. The statements or confessions are binding only on the one making them unless assented to so as to become binding upon the other, and in passing upon this question you will give the defendant *Marie Novkovic* the benefit of any reasonable doubt you may have, and then if you are not satisfied that she assented to the statements made by Pajo Mravic before the chief of police and at the coroner's inquest you ought to dismiss them from your minds so far as the defendant *Marie Novkovic* is concerned and find her not guilty

unless the remaining evidence satisfies you beyond a reasonable doubt that she is guilty of murder in the first degree."

Error is assigned because the court refused to give the following instruction:

"You are instructed that the concealment of a commission of a crime by telling a false story does not constitute the defendant *Marie Novkovic* a principal, nor does the fact of her being present, and you are instructed that merely being present and failing to endeavor to prevent a homicide, if such be the case, does not render her a principal."

It does not appear that any claim was made that the defendant's guilt would be established by proving that she concealed the crime and that she was present when it was committed. These were evidentiary matters which tended to establish her guilt and which might be properly considered by the jury in connection with other facts and circumstances. It is not necessary that a court should take up the different items of evidence relied on to establish the guilt of an accused person and say as to each particular item that it is insufficient in itself to prove guilt.

Error is also assigned because the court refused to give the following requested instruction:

"The defendant *Marie Novkovic* claims that she was not a party to the crime and that the sole responsibility of this homicide rests upon Pajo Mravic. She is entitled to the benefit of a reasonable doubt. You cannot find her guilty under this information of being an accessory before the fact. That charge has been withdrawn and the only offense here charged is murder in the first degree, and if you are not satisfied beyond a reasonable doubt that she was an active participant in the design and doing her part at the time in its furtherance, then, and in that event, you ought to find her not guilty."

The point made on the refusal to give this charge is that the defendant was entitled to have the jury instructed that she could not be convicted unless they were satisfied beyond

a reasonable doubt that she was an active participant in the design to kill her husband and was doing her part at the time of the murder to further the commission of the crime. The instruction was misleading, in that the jury might infer therefrom that the defendant could not be convicted unless she assisted Mravic while he was delivering the blows that resulted in her husband's death. The court gave a substantially correct instruction covering the matter. After telling the jury what they must be satisfied of before convicting Mravic, the court proceeds:

"The next question for you to determine with reference to the defendant *Marie Novkovic* is, Was there in fact a conspiracy? Was she a member of such conspiracy? Did she conspire and confederate with her codefendant to commit or bring about such killing?"

"If you find from the evidence beyond a reasonable doubt that at the time and place charged the conspiracy mentioned in fact existed and that she, *Marie Novkovic,* was a member of such conspiracy and that she did in the language of the law conspire, confederate, and agree with said Pajo Mravic to commit said murder, then it will be your duty to find her guilty of murder in the first degree."

"Should you, however, entertain a reasonable doubt or fail to find beyond a reasonable doubt that a conspiracy in fact existed and that the said *Marie Novkovic* conspired, agreed, understood, combined, and confederated with said Pajo Mravic to commit said murder, then you will find the defendant *Marie Novkovic* not guilty."

There were found in Mravic's trunk two receipts, one for a ticket for the transportation of a Mrs. Mravic to this country, and another relating to the transportation of baggage, one being dated July 5, 1911, and the other on the day following. The defendant offered these papers in evidence and they were ruled out as immaterial. Error is assigned on this ruling. If they had any bearing on the case, it was so remote that no error was committed in rejecting the evidence.

*By the Court.*—The judgment of the municipal court of Milwaukee county is affirmed.