STATE, Appellant, vs. BIDWELL, Respondent.

*February 7—March 4, 1930.*

The cause was submitted for the appellant on the brief of the *Attorney General, J. E. Messerschmidt,* assistant at-

torney general, and *George S. Geffs,* special assistant district attorney for Rock county, and for the respondent on that of *Edward H. Ryan* of Janesville.

CROWNHART, J. The defendant was convicted by a jury of violating ch. 165, Stats. 1925 (the prohibition law), in that he did unlawfully transport privately manufactured distilled liquor without a permit therefor, and on a second count for unlawful possession of privately manufactured distilled liquor.

The facts, as contended by the State, are: The defendant, a cab driver at Beloit, drove out on a country road, and was followed by the sheriff and his deputy in an automobile at a discreet distance behind. At a certain point in the highway the defendant stopped and the sheriff drove up and passed defendant's cab, and stopped in front of the defendant, whereupon the defendant turned his machine around and drove rapidly away. The sheriff and deputy got out of their auto and called to the defendant to halt, and when he failed to stop, the deputy shot at defendant's tires with a sawed-off shotgun, one shot penetrating the back window of the cab. But defendant continued on his way. The sheriff and deputy testified that when defendant was a quarter of a mile distant they saw the front left door of the cab open and a white object thrown out of the cab. The sheriff and deputy followed, and at the place where the object was thrown from the cab they found a gallon tin can of liquor, wrapped in a newspaper, along the side of the highway.

The can of liquor was delivered to a Dr. Andrews, health officer of Beloit, who is "somewhat of a chemist," to analyze. He found the can contained ethyl alcohol, 30.2 per cent. by volume, such as is commonly used for beverage purposes. There was no testimony that the alcohol was "privately manufactured."

There was a third count in the information to the effect that defendant had been convicted of a prior offense of

violating the prohibition laws of the state of Wisconsin. There was no sufficient proof under this count and no verdict rendered thereon. The transportation or possession of liquor was denied by the defendant and by one witness who was a passenger in the cab.

The judge evidently granted a new trial in the interest of justice, but he did not so express himself. He said he granted the new trial "for the reason that the verdict is perverse, in this, that the jury disregarded that part of the instruction of the court which directed that the defendant be given the benefit of a doubt arising from the testimony."

But it is apparent from the record that the judge felt that justice required that defendant have a new trial because he thought there was serious doubt of the defendant's guilt. He granted the new trial on condition that defendant pay the costs, taxed in the sum of $96.17, which he had no right to impose if the verdict was perverse.

The order granting a new trial will not be reversed merely because the court gave a wrong reason for granting the same, if any good reason existed for granting the new trial. *State v. Labuwi,* 172 Wis. 204, 208, 178 N. W. 479.

Under the decision in *Mularkey v. State,* 199 Wis. 269, 225 N. W. 933, the conviction of possession was not warranted, the possession being covered by the charge of transportation, and not constituting a separate offense.

It is apparent that the judge felt that justice demanded a new trial on grounds other than perversity of the jury, inasmuch as he imposed costs on the defendant as a condition of being allowed a new trial. *John v. Pierce,* 176 Wis. 220, 186 N. W. 600. He therefore exercised his discretion, and the order may be reversed only for abuse of discretion. *Welch v. Morton Salt Co.* 175 Wis. 415, 184 N. W. 678; *Lange v. Olson,* 185 Wis. 657, 202 N. W. 361; *West v. Day,* 193 Wis. 187, 212 N. W. 648. We think there was no abuse of discretion in granting a new trial.

*By the Court.*—The order of the circuit court is affirmed.