STATE, Respondent, vs. MEATING, Appellant.
STATE, Respondent, vs. VINCENT, Appellant.

*May 2—June 11, 1930.*

48

For the appellant there was a brief by *F. J. Rooney,* attorney, and *Benton, Bosser & Tuttrup* of counsel, all of Appleton, and oral argument by *Mr. Rooney* and *Mr. Roger Tuttrup.*

For the respondent there was a brief by *Lloyd D. Smith,* district attorney of Waupaca county, the *Attorney General,*

and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Smith* and *Mr. Messerschmidt.*

OWEN, J. The defendants Vincent and Meating took separate and independent appeals from the judgment. Vincent has made no appearance in this court, and his appeal would have been dismissed had not the attorney general stipulated that his appeal should meet with the same disposition accorded to the appeal of the defendant Meating, who appeared and prosecuted his appeal; for which reason the same disposition will be made of the respective appeals.

It is first urged that the court erred in denying the motion of the defendant Meating for a separate trial. This motion was made after the case was called and before the impaneling of the jury commenced. The motion was accompanied by no showing that the interest of the defendant Meating would be prejudiced if he were not accorded a separate trial. It was just a bare motion and, apparently, rather casually made. It is the settled rule in this jurisdiction that the granting of separate trials in such cases rests in the sound discretion of the trial court. *Emery v. State,* 101 Wis. 627, 78 N. W. 145; *Mayfield v. State,* 142 Wis. 661, 126 N. W. 15; *Novkovic v. State,* 149 Wis. 665, 135 N. W. 465. In view of the fact that there were no representations made to the court necessitating the granting of separate trials, it cannot be said that a denial of the motion constituted an abuse of discretion.

It is next urged that the court erred in admitting evidence showing the relation of all of the defendants to four specified automobiles, not described in the information, and the manner in which they were handled and dealt with in passing through Siegel's hands. The objection to this testimony rests upon the familiar rule that evidence of the commission of other offenses is not admissible in a criminal prosecution. Although this is universally recognized as a general proposi-

tion, certain exceptions thereto are just as well established as the rule itself. Evidence of the commission of other offenses has frequently been held admissible by this court where such evidence tends to establish some ingredient of the offense charged, such as knowledge, intent, etc. *Fossdahl v. State,* 89 Wis. 482, 62 N. W. 185; *Dietz v. State,* 149 Wis. 462, 136 N. W. 166; *Magnuson v. State,* 187 Wis. 122, 203 N. W. 749; *Smith v. State,* 195 Wis. 555, 218 N. W. 822. In prosecutions for adultery, other adulterous acts between the same parties may be shown to establish an adulterous disposition. *Gundlach v. State,* 184 Wis. 65, 198 N. W. 742. Such evidence has also been held admissible in prosecutions for abandonment of children. *Firmeis v. State,* 61 Wis. 140, 20 N. W. 663; *Hopkins v. State,* 126 Wis. 104, 105 N. W. 223; *Adams v. State,* 164 Wis. 223, 159 N. W. 726. Evidence of other offenses is admissible to prove knowledge, intent, system, or design. 1 Wigmore, Evidence, § 15. It is also competent to show that the crime charged is a part of a scheme or plan which includes numerous offenses. 8 Ruling Case Law, p. 203. Evidence of this nature is generally admissible in prosecutions for the operation of confidence games. 16 Corp. Jur. p. 598. And for false pretenses. 16 Corp. Jur. p. 597.

The knowledge on the part of the defendants that the automobiles, the sales of which they promoted, and the licenses for which they made application, were stolen, was a material part of the State's case against them. They did not deny that they made sales of these automobiles or that they dictated the statements made in the applications for licenses and certificates of title, but their claim was that they did not know they were stolen, and, on the other hand, innocently supposed that they came to the Siegel agency through the usual channels as new cars. The evidence relating to the four automobiles not mentioned in the information tended strongly to show that they knew all about the business in

which Siegel was engaged, and, in some instances, was sufficient to show that they themselves either participated in, or had direct knowledge of, the stealing of these cars. The evidence tended to show a design, purpose, plan, or scheme on the part of Siegel and his two salesmen to profit by trafficking in stolen cars. This was the purpose for which it was introduced, and, for this purpose, we think it was competent and material evidence.

It is next contended that the court erred in instructing the jury as follows:

"The State claims and contends that the three defendants conspired together to receive the stolen cars and sell them, and to do any and all things necessary to effect this purpose. A common design and purpose on the part of two or more to do an unlawful thing is what is termed a conspiracy."

After instructing the jury concerning the character of the proof which will establish a conspiracy, the court said:

"If you are convinced beyond a reasonable doubt that a conspiracy existed, as the State claims and contends, then you are instructed that all the acts, deeds, and declarations done or made by any one of the defendants in carrying out the joint unlawful purpose from the time they entered into the conspiracy until they ceased operations, is evidence against each of the other defendants."

The criticism upon this instruction is not readily appreciated. It is claimed in the brief that the definition of a conspiracy given by the court is erroneous, because in *State v. Crowley,* 41 Wis. 271, 278, it is said that "An indictable conspiracy is defined to be a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means." The court's definition of conspiracy in this case is substantially the same as the first part of the above quoted definition relied upon, and that is, "A common design and purpose on

the part of two or more to do an unlawful thing." That a combination between two or more persons to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means, also constitutes a conspiracy, is not material in this case, because if the common design and purpose existed, it was for the accomplishment of an unlawful thing. That was the only thing relied upon to constitute conspiracy in this case, and there would have been no point in enlarging upon a definition of conspiracy to include a situation to which the evidence in this case had no application.

It is said that the information did not charge conspiracy. But "the generally accepted view is that it is not necessary that the indictment or information should charge a conspiracy, but where, although no conspiracy is charged, it is made to appear that there was concerted action between co-defendants, the acts and declarations of one are admissible against the other." 16 Corp. Jur. p. 647. This rule has been applied by this court in the absence of any specific charge of conspiracy in the indictment or information. *Holtz v. State*, 76 Wis. 99, 44 N. W. 1107; *Baker v. State*, 80 Wis. 416, 50 N. W. 518; *Murphy v. State*, 86 Wis. 626, 57 N. W. 361; *State v. Labuwi*, 172 Wis. 204, 178 N. W. 479. From these authorities it appears that in order to constitute the declarations of any of the three defendants evidence against any and all of the other defendants, it is not necessary that a conspiracy be charged in the information, but is sufficient if it is proved on the trial. The court correctly charged the jury that before they could consider such declarations as evidence against the others, they first must be convinced from the evidence beyond a reasonable doubt that the conspiracy existed. This was in accordance with the decisions of this court. *Murphy v. State*, 86 Wis. 626, 57 N. W. 361; *Schultz v. State*, 133 Wis. 215, 113 N. W. 428; *Miller v. State*, 139 Wis. 57, 119 N. W. 850. This assignment of error cannot be sustained.

Neither was there error in denying defendant's motion for a new trial. Although this motion was not based upon a compelling showing, the court nevertheless gave the matter careful attention, delayed decision of the motion for about three months, and personally examined the defendant in chambers. The denial of the motion, and the sentencing of the defendant upon the verdict, indicates that the trial judge was satisfied of the defendant's guilt, and the judgment cannot be disturbed.

*By the Court.*—The judgment is affirmed upon the respective appeals of both defendants, Earl Meating and E. H. Vincent.