STATE, Respondent, v. STARR, Appellant.

*No. State 77. Submitted under sec. (Rule) 251.54 October 3, 1973.—*
*Decided October 30, 1973.*
(Also reported in 211 N. W. 2d 510.)

For the appellant the cause was submitted on the brief of *Kenan J. Kersten* of Milwaukee.

For the respondent the cause was submitted on the brief of *Robert W. Warren*, attorney general, and *Christine M. Wiseman*, assistant attorney general.

PER CURIAM. Defendant states the first issue on appeal to be whether there is reasonable doubt as a matter of law that the defendant was involved in the armed robbery. This issue is based upon the fact that there were only two witnesses who gave positive testimony as to whether defendant was one of the holdup men. Both witnesses were customers in the tavern at the time of the robbery. One witness, who knew the defendant, was positive that the defendant was one of the robbers. The other witness, who did not know the defendant, was positive he was not. On these facts we cannot say there was reasonable doubt as to the defendant's guilt as a matter of law. The trial judge was justified in accepting the testimony of the witness who was personally acquainted with the defendant, rather than the testimony of the witness who was not.

The second issue as phrased by the defendant is whether the trial judge erred in prohibiting the defendant from denying he was at the tavern at the time of the

robbery. The defendant took the stand in his own behalf and was asked by his counsel whether he was present at the tavern on the evening in question. He answered that he was not. An objection was sustained and the answer stricken on the ground that notice of alibi had not been given as required by sec. 955.07, Stats. 1967. The defense of alibi is designed to prove that the defendant, being in another place at the time, could not have committed the offense charged. *Logan v. State* (1969), 43 Wis. 2d 128, 168 N. W. 2d 171. The trial judge should not have sustained the objection. A simple denial by the defendant of testimony that he was at the scene of the crime does not constitute an attempt to prove that he was in another place. We realize that the prosecutor may have felt that failure to object at the earliest possible moment would waive the objection. However, this objection was one question too early.

The error in sustaining the alibi objection was not prejudicial to the defendant. He was permitted to testify over objection that he did not commit a crime on the date in question. He also testified without objection that he was not a party to a holdup on that date. Thus, the erroneous ruling did not deny him the opportunity to maintain his innocence, and there is no reason to believe that the outcome of the trial would have been different had the premature alibi objection been overruled.

The third issue, according to the defendant, is whether the trial judge erred in prohibiting trial counsel from calling and questioning one of the state's witnesses as a hostile witness. The witness who was called by the defense was the person who had identified the defendant as one of the holdup men. He was asked leading questions in an attempt to establish that he was mistaken as to the dates when the defendant worked with him. Objection to

the form of the question was sustained, but defense counsel was nevertheless successful in establishing that the dates were one year earlier than the witness had testified to when called by the state. If the trial judge abused his discretion in refusing to declare the witness hostile, there was no prejudice to the defense.

The judgment is affirmed.