STATE, Respondent, v. McDONALD, Appellant.

*No. State 79.  Argued March 4, 1971.—Decided March 30, 1971.*
(Also reported in 184 N. W. 2d 886.)

For the appellant there were briefs by *Shellow & Shellow* and *James M. Shellow,* attorneys, and *James A. Walrath* of counsel, all of Milwaukee, and oral argument by *Mr. Walrath.*

For the respondent the cause was argued by *Lee Edward Wells,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

HALLOWS, C. J. McDonald was arrested early in the morning of March 4, 1968, for carrying a gun near the Clark Service Station on North Holton Street, Milwaukee, which station had been robbed about two weeks earlier on February 21, 1968, and a gun taken from the attendant. The gun which McDonald was carrying on the night of March 4th was subsequently traced and found to be the attendant's gun. About two weeks after being arrested for carrying the gun, McDonald was placed in a lineup at the police station and viewed by the service-station attendant. During the lineup he refused to repeat for identification the sentence, "This is a holdup." McDonald claims he asked for a lawyer prior to the lineup but his request was ignored. Officer Johnson of the Milwaukee police department testified he advised McDonald of his right to counsel but McDonald declined. At the lineup the service-station attendant identified McDonald as a participant in the February robbery and later confronted him in the district attorney's office. The complaint in this action was then issued.

McDonald on this appeal claims the trial court was in error in admitting testimony of the pretrial lineup identification and of the courtroom identification because he was denied counsel at the lineup and the lineup was unduly suggestive. While this argument is challenged factually by the state, we do not reach the question because we think the issue of whether McDonald preserved all his constitutional errors by timely objections and motions is controlling. It is the position of McDonald that he neither waived the alleged constitutional errors in the lineup when his counsel disowned his pro se motion, nor did he waive his right to challenge the identification testimony at trial by waiting until the close of the testimony to raise his objections; we disagree.

The problem presented is, when must a defendant assert a constitutional right in order to preserve it? At the time this case was tried, sec. 955.09 (3), Stats. 1967,[1] (now sec. 971.31 (2), Stats.) required a motion to suppress evidence illegally obtained to be made prior to the trial or the objection to its use was waived, except the court had the discretion to defer or entertain such motion later in the trial. In the present case the decision not to pursue the filed pro se motion was made prior to trial; it was not held in abeyance for later determination but was stricken. If this was a strategic trial tactic of defense counsel, it was a conscious and intentional waiver of the constitutional questions involved. *Henry v. Mississippi* (1965), 379 U. S. 443, 85 Sup. Ct. 564, 13 L. Ed. 2d 408; *Fay v. Noia* (1963), 372 U. S. 391, 83 Sup. Ct. 822, 9 L. Ed. 2d 837.

---

[1] "955.09 **Pleas and motions before trial; waiver of jeopardy.** . . .

"(3) Defenses and objections based on . . . the use of illegal means to secure evidence (except confessions) must be raised before trial by motion or be deemed waived. But the court may, in its discretion, entertain such motion at a later stage of the trial, in which case the defendant waives any jeopardy that may have attached. . . ."

Normally the failure to follow well-known state practices results in a waiver, and this doctrine we have applied to constitutional error when the question is not timely raised in the trial court. *Bradley v. State* (1967), 36 Wis. 2d 345, 359, 153 N. W. 2d 38, 155 N. W. 2d 564; *State v. Clarke* (1970), 49 Wis. 2d 161, 174, 181 N. W. 2d 355. In *Bradley* we also stated this court could reach a constitutional question not raised in the trial court if the interests of justice were promoted thereby and no factual issues were involved. In *Holloway v. State* (1966), 32 Wis. 2d 559, 146 N. W. 2d 441, we stated an objection need not be made to preserve a constitutional error for appeal but this case did not involve strategy. However, a deliberate choice of strategy, even if it back-fires, amounts to a waiver binding upon the defendant and this court. *State v. Ruud* (1969), 41 Wis. 2d 720, 726, 165 N. W. 2d 153.

Although in an exceptional case (*see Whitus v. Balkcom* (5th Cir. 1964), 333 Fed. 2d 496) trial strategy adopted by counsel without prior consultation with the accused will not preclude him from asserting constitutional claims, we think the deliberate rejection by counsel of the pro se motion to suppress as a part of trial strategy is binding upon McDonald without consultation. Not every trial tactic can be or must be the result of consultation between counsel and client. In *State v. Strickland* (1965), 27 Wis. 2d 623, 630, 135 N. W. 2d 295, and in *State ex rel. Goodchild v. Burke* (1965), 27 Wis. 2d 244, 267, 133 N. W. 2d 753, we held waivers during the progress of the trial made by counsel were binding upon the client. *See also: Eskra v. State* (1965), 29 Wis. 2d 212, 222, 138 N. W. 2d 173.

The record before us indicates at least acquiescence on the part of McDonald in the striking of his motion to suppress. The choice was brought to the attention of counsel in open court when it must be presumed the de-

fendant was present. The record shows no objection by McDonald to the manner in which his motion was disposed of. The trial court took the view, and we think correctly, that trial counsel has exclusive control of the procedure and direction of a lawsuit. 7 C. J. S., *Attorney and Client,* pp. 898, 903, secs. 80, 82; 7 Am. Jur. 2d, *Attorneys at law,* p. 119, sec. 120. In the conduct of a criminal case, the trial court cannot satisfy both the client who proceeds pro se and counsel who disagrees. While the defendant should be consulted concerning pleas of guilty and the general defense of his case, he need not be consulted in every detail. The accused has no more right to control his attorney and the conduct of the trial than he has to dictate to his surgeon how to perform the operation.

It may be that counsel, as it is claimed, intended to waive only the timing of the objection and to parallel the defense procedurally with that of *Wade* and *Gilbert.*[2] The procedure used in *Wade* differs from the required procedure in Wisconsin and we find nothing in *Wade* which creates new procedural state rules.

It was recognized in *Henry v. Mississippi, supra,* that the state's insistence upon compliance with its procedural rules is valid if such rule serves a legitimate state interest. We think sec. 955.09 (3), Stats., is a reasonable rule and served such a purpose. Besides, in the instant case counsel not only decided not to follow this section but also did not make any contemporaneous objection to the admissibility of the evidence. In fact, counsel introduced some evidence concerning the alleged illegal lineup in order to impeach the testimony of the service-station attendant. The procedure contended for by McDonald, if allowed, would give every defendant an op-

[2] *United States v. Wade* (1967), 388 U. S. 218, 87 Sup. Ct. 1926, 18 L. Ed. 2d 1149; *Gilbert v. California* (1967), 388 U. S. 263, 87 Sup. Ct. 1951, 18 L. Ed. 2d 1178.

portunity to have his cake and eat it too. Chaos in the administration of justice and lack of legal economy and orderly procedure in criminal suits will result if defense counsel can sit back during trial and not object to evidence they claim is illegal and later seek an acquittal or a new trial on the ground a violation of a constitutional right was involved.

A constitutional right should and must be protected by the courts but an accused also has the duty to protect himself and he should not be allowed to second-guess his trial or make new rules of procedure. Here, there was no equivocal or ambiguous failure to object but a deliberate and conscious choice made under procedural law which shows on the record to be a strategic trial tactic.

*By the Court.*—Judgment and order affirmed.