STATE of Wisconsin, Respondent,

v.

Robert Walter MORROW, Appellant.†

Court of Appeals

*No. 79–549–CR.   Argued November 28, 1979.—*
*Decided March 18, 1980.*
(Also reported in 291 N.W.2d 298.)

† Petition to review denied.

For the appellant the cause was argued by *Richard M. Sals*, assistant state public defender, with whom on the briefs was *Richard L. Cates*, state public defender.

For the respondent the cause was argued by *Sally L. Wellman*, assistant attorney general, with whom on the brief was *Bronson C. La Follette*, attorney general.

Before Donlin, P.J., Foley, J., and Dean, J.

DEAN, J.   Robert Morrow was convicted of first degree sexual assault, contrary to sec. 940.225 (1) (d), Stats., and with enticing a child for immoral purposes, contrary to sec. 944.12, Stats. (1975). He appeals, contending that evidence introduced at trial should have been suppressed because the warrantless search of his hotel room was without probable cause. He also contends that there was no evidence from which he could be convicted of enticing a child for immoral purposes. We affirm.

## PROBABLE CAUSE

A warrantless search is not unreasonable if it is supported by probable cause and attended by exigent circum-

stances. *State v. Monahan*, 76 Wis.2d 387, 251 N.W.2d 421 (1977). Probable cause is established where there is an honest belief in a reasonable mind that the object sought is linked with the commission of a crime. *Bast v. State*, 87 Wis.2d 689, 275 N.W.2d 682 (1979).

The state's case was based on the testimony of the two arresting officers. One of the officers, while looking through a space between the floor and door of Morrow's hotel room, saw Morrow place his hand on the genital area of the victim. The trial court denied Morrow's motion to suppress, finding that the officer's action was reasonable, supported by probable cause, and amounted to a minimal intrusion.

On review, this court must uphold the findings of the trial court unless we conclude that they are against the great weight and clear preponderance of the evidence. *State v. Pires*, 55 Wis.2d 597, 201 N.W.2d 153 (1972). The trial court's findings as to the reasonableness of the search are based on the facts and circumstances of the individual case. *State v. Prober*, 87 Wis.2d 423, 275 N.W. 2d 123 (Ct. App. 1978).

In this case, the record shows that the two arresting officers saw Morrow standing on a street corner with a young girl. Both officers recognized Morrow and knew he had been a prisoner in their jail. One of the officers remembered that Morrow had been involved in child molesting incidents in the past. That same officer recognized the young girl as the daughter of a friend. He knew that the child did not live in the neighborhood where she and Morrow were walking and she was not related in any way to Morrow.

Justifiably feeling that something might be amiss, the two officers followed the couple for several blocks until Morrow and the young girl walked into the rear door of a hotel. The officers followed the couple into the hotel

where they momentarily lost sight of them. The officers were told that the couple went up to the third floor of the hotel, and the officers proceeded to the third floor. Just as the officers reached the landing of the third floor, they saw a door close but did not see who had entered the room. They listened outside the door and heard some conversation but could not distinguish what was being said. At that point, one of the officers laid on the floor and looked into Morrow's room where he saw Morrow fondle the girl.

■
The facts and circumstances of this case convince us that the trial court's findings are not against the great weight and clear preponderance of the evidence. The officers had probable cause to believe that a crime was being committed and was being committed in Morrow's room. The officers knew that Morrow had previously been involved in child molesting incidents, and the young girl would have had no legitimate reason to accompany Morrow into a hotel room. The officers had pursued the couple to the third floor of the hotel, and they saw a door to a room close just as they reached the landing of that floor. The officers heard voices in the room and knew it was occupied. Exigent circumstances certainly existed that required immediate action and obviated the need for a search warrant.

### ENTICING A CHILD

Morrow was convicted of enticing a child for immoral purposes, contrary to sec. 944.12, Stats. (1975), which states that "[a]ny person 18 years of age or over, who, with intent to commit a crime against sexual morality, persuades or entices any child under 18 years of age into any vehicle, building, room or secluded place may be imprisoned not more than 10 years."

Accordingly, the state was required to prove beyond a reasonable doubt the following elements:

1. that Morrow enticed a child under eighteen years of age into a vehicle, building, room or secluded place; and
2. that Morrow intended to commit a crime against sexual morality.

Morrow argues that the state failed to prove the second of the above two elements. Morrow's argument is that the state only proved he intended to commit a first degree sexual assault. According to Morrow, a first degree sexual assault is no longer a crime against sexual morality, but instead is a crime against life and bodily security. Morrow contends that only crimes contained in ch. 944, entitled "CRIMES AGAINST SEXUAL MORALITY," can be used to prove the intent element of sec. 944.12. First degree sexual assault is not contained in ch. 944, but is contained in ch. 940. Although Morrow's novel theory has a certain superficial appeal, we cannot conclude that the intent element of sec. 944.12 "with intent to commit a crime against sexual morality" means "with intent to commit a crime against sexual morality, only as defined in ch. 944."

Prior to March 27, 1976, the crime of first degree sexual assault was contained in ch. 944. Morrow concedes that the intent element of sec. 944.12 would have been proven if the incident had occurred prior to March 27, 1976. On that date, however, the legislature moved various sexual assault provisions from ch. 944 to ch. 940 in recognition of the assaultive character of those acts. Morrow would have us hold that this procedure signifies a legislative intent that sexual assault is to be considered only an assault and not a crime against sexual morality. We cannot discern such a legislative intent merely from a change in the labeling of a crime.

Under Morrow's theory, a defendant could be convicted of enticing a child for immoral purposes if the defendant intended to commit an act of oral or anal intercourse, prohibited under sec. 944.17, but not if the defendant intended to commit an act of vaginal penetration. This is so only because oral and anal intercourse are prohibited under ch. 944, but vaginal penetration is not. This is an absurd result that should be avoided in the construction of a statute. *State v. Gould,* 56 Wis.2d 808, 202 N.W.2d 903 (1973). It strains the imagination to believe the legislature intended to prohibit sexual contact with children, but did not intend to prohibit enticing children for such a purpose.

We conclude that the words "sexual morality" are not limited to only those acts contained in ch. 944. Morrow was convicted of first degree sexual assault, contrary to sec. 940.225 (1) (d), Stats. (1975), which prohibits sexual contact with a person twelve years of age or younger. This section was placed in ch. 940, although the specific act may have none of the characteristics of an assault. Sexual contact by an adult with a child under the age of thirteen constitutes a crime even though the child may consent to the contact. This is a clear indication that the legislature considered this crime to be a crime against sexual morality.

Sexual contact with a child under the age of thirteen is an act against the customs or accepted standards of the people of Wisconsin. In short, it is an immoral act. It is also, by its definition, a sexual act. Therefore, we conclude that a showing of sexual assault is sufficient to prove the intent element of sec. 944.12.

*By the Court.*—Judgment affirmed.