STATE of Wisconsin, Plaintiff-Respondent,

v.

Cory A. KUMMER, Defendant-Appellant.

Supreme Court

*No. 80-892-CR. Argued January 7, 1981.—*
*Decided February 2, 1981.*
(Also reported in 301 N.W.2d 240.)

For the appellant there were briefs and oral argument by *Steven D. Phillips,* assistant state public defender.

For the respondent there was a brief by *Bronson C. La Follette,* attorney general, and *Dorothy H. Dey,* assistant attorney general, and oral argument by *Chris Heikenen,* assistant attorney general.

SHIRLEY S. ABRAHAMSON, J. Cory Kummer, the defendant, seeks reversal of his conviction of second-degree sexual assault of a person over the age of twelve years and under the age of fifteen years on the ground that sec. 940.225 (2) (e) and sec. 940.225 (4), Stats. 1977, are unconstitutional. This court granted defendant's petition to by-pass the court of appeals, sec. 808.05, Stats. 1977, Rule 809.60, Stats. 1977, and we affirm the conviction.

Sec. 940.225 (2) (e), Stats. 1977, provides:

"(2) SECOND DEGREE SEXUAL ASSAULT. Whoever does any of the following is guilty of a Class C felony:
" . . .
"(e) Has sexual contact or sexual intercourse with a person who is over the age of 12 years and under the age of 18 years without consent of that person, as consent is defined in sub. (4)."

Sec. 940.225 (4), Stats. 1977, provides:

"(4) CONSENT. 'Consent', as used in this section, means words or overt actions by a person who is competent to give informed consent indicating a freely given agreement to have sexual intercourse or sexual contact. A person under 15 years of age is incapable of consent as a matter of law. The following persons are presumed incapable of consent but the presumption may be rebutted by competent evidence . . .
"(a) A person who is 15 to 17 years of age."

The facts may be briefly stated. The defendant was charged with second-degree sexual assault, contrary to sec. 940.225 (2) (e), Stats. 1977. Before trial the defendant moved to dismiss the information alleging that sec. 940.225 (4) defining "consent" is unconstitutional because it establishes a conclusive presumption of nonconsent when the victim is under fifteen years of age. The motion was denied. Defendant then sought a pre-

trial ruling on the admissibility of evidence he claimed would show that the young woman consented to the sexual activity on which the charge was based. This motion was denied.

At trial the evidence was undisputed that the defendant had had sexual contact with a young woman who was approximately fourteen years, ten months old. The defendant presented no defense to the jury, although he made an offer of proof to establish consent of the young woman. Both the defendant and the young woman testified in the offer of proof. While their testimony differed with regard to certain details, both witnesses stated that there was a mutual agreement to have sexual intercourse, that the defendant had not pressured or threatened the young woman to have intercourse with him, that they loved each other, and that they wanted to get married. The jury heard none of the testimony offered to show consent. Although remarking at the time of sentencing that "from all appearances and from the 'offer of proof,' the victim did consent to the act," the trial court refused to permit the introduction of the evidence, ruling that, as a matter of law, the young woman was incapable of consenting to sexual intercourse. The jury was instructed that Wisconsin law provides that a person under the age of fifteen cannot consent to sexual contact.[1] The defendant was found guilty of second-degree sexual assault.

[1] The instructions stated, *inter alia:*

"Before the defendant may be found guilty of Second Degree Sexual Assault, the State must prove by evidence which satisfies you beyond a reasonable doubt that there were present the following four elements of this offense:

"First, that the defendant had sexual contact with [the young woman];

"Second, that the defendant had sexual contact with [the young woman] with the intent to become sexually aroused or gratified;

The defendant argues that sec. 940.225(2)(e), Stats. 1977, makes the victim's nonconsent an element of second-degree sexual assault when the victim is over twelve and under fifteen years of age; that sec. 940.-225(4), Stats. 1977, establishes a conclusive presumption that a victim under the age of fifteen is incapable of consent as a matter of law; and that the statutory creation of a conclusive presumption is unconstitutional because such a presumption invades the fact-finding province of the trier of fact and relieves the prosecutor of proving "beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged." *Patterson v. New York,* 432 U.S. 197, 210 (1977). *See also In re Winship,* 397 U.S. 358 (1970); *Mullaney v. Wilbur,* 421 U.S. 684 (1975).[2]

---

"Third, that [the young woman] had not attained the age of 18 years at the time of the sexual contact;

"Fourth, that [the young woman] did not consent to the sexual contact.

". . .

"The fourth element requires that the defendant had sexual contact with [the young woman] without her consent.

"In this case [the young woman] was 14 years old at the time of the alleged sexual contact. Wisconsin law provides that a person under the age of 15 cannot consent to sexual contact.

"Knowledge of [the young woman's] age by the defendant is not material, and mistake regarding her age is not a defense.

"If you are satisfied beyond a reasonable doubt from the evidence in this case that the defendant had sexual contact with [the young woman] with the intent to become sexually aroused or gratified, and that [the young woman] had not attained the age of 15 years at the time of the sexual contact, then you should find the defendant guilty of Second Degree Sexual Assault.

"If you are not so satisfied, then you must find the defendant not guilty."

This instruction is patterned after Wis. J I—Criminal 1216.

[2] The defendant, citing *Schlessinger v. Wisconsin,* 270 U.S. 230 (1926), *Heiner v. Donnan,* 285 U.S. 312 (1932), *Morissette v.*

The state's position is that sec. 940.225(2)(e) and sec. 940.225(4) define second-degree sexual assault as sexual contact or sexual intercourse with a person over twelve and under fifteen years of age; that non-consent is not an element of the offense; and that sec. 940.225(4) does not create a presumption as to the capability of a person over twelve and under fifteen years of age to consent.

Given the structure of defendant's argument, the defendant's constitutional objection to the statute fails if nonconsent is not an element of the offense.[3] The ques-

_United States_, 324 U.S. 246 (1952), _United States v. U.S. Gypsum Co._, 438 U.S. 422 (1978), and _Sandstrom v. Montana_, 442 U.S. 510 (1979), asserts that "[t]he Supreme Court's decisions appear to create an absolute constitutional prohibition against the use of conclusive presumptions in criminal cases."

For a discussion of presumptions, _see generally_, Ackerman, _The Conclusive Presumption Shuffle_, 125 U. Pa. L. Rev. 761 (1977); Note, _The Irrebuttable Presumption Doctrine in the Supreme Court_, 87 Harv. L. Rev. 1534 (1974); Note, _The Conclusive Presumption Doctrine: Equal Process or Due Protection_, 72 Md. L. Rev. 800 (1974).

[3] Defendant does not in this case question the power of the legislature to define the crime of second-degree sexual assault or to define the elements of the crime. Defendant does not maintain that nonconsent must be an element of every criminal offense of sexual assault. The issue the defendant presents to this court in this case is whether the legislature, in promulgating sec. 940.225(2)(e) and sec. 940.225(4), Stats. 1977, made the victim's nonconsent an element of the crime of second-degree sexual assault if the victim is over twelve and under fifteen years of age.

For a discussion of possible constitutional limitations on the state legislature's power to define crimes, _see, generally_, LaFave & Scott, _Criminal Law_ sec. 20, p. 136 (Hornbook Series 1972); Allen, _Structuring Jury Decisionmaking in Criminal Cases: A Unified Constitutional Approach to Evidentiary Devices_, 94 Har. L. Rev. 321, 342–348 (1980); Jeffries & Stephan, _Defenses, Presumptions, and Burden of Proof in the Criminal Law_, 88 Yale L. J. 1325, 1366–1397 (1979); Tushnet, _Constitutional Limitation of_

tion whether nonconsent is an element of the crime is a question of statutory construction which is a question of law. We begin our analysis of the issue, as did the circuit court, by considering the language of sec. 940.225, Stats. 1977.

The constitutional challenge focuses on sec. 940.225 (2) (e) and sec. 940.225 (4). Both are inartfully drafted. Nevertheless we find in reading sec. 940.225 (2) (e) and (4), Stats., that the legislature has divided sexual assault involving victims "under the age of 18 years" into several categories including:

1. First-degree sexual assault (Class B felony): sexual contact or sexual intercourse with a person 12 years of age or younger. Sec. 940.225 (1) (d), (4), Stats. 1977.

2. Second-degree sexual assault (Class C felony): sexual contact or sexual intercourse with a person "over the age of 12" and "under 15 years of age." Sec. 940.-225 (2) (e), (4), Stats. 1977.

3. Second-degree sexual assault (Class C felony): sexual contact or sexual intercourse with a person "who is 15 to 17 years of age" without consent of that person. Sec. 940.225 (2) (e), (4), Stats. 1977.[4]

Substantive Criminal Law: An Examination of the Meaning of Mullaney v. Wilbur, 55 B. U. L. Rev. 775 (1975); Note, Burdens of Persuasion in Criminal Proceedings: The Reasonable Doubt Standard After Patterson v. New York, 31 U. of Fla. L. Rev. 385 (1979); Case Comment, Unburdening the Criminal Defendant: Mullaney v. Wilbur and The Reasonable Doubt Standard, 11 Harv. C. R. C. L. L. Rev. 390 (1976).

For a discussion of the constitutionality of statutory rape laws, see Comment, The Constitutionality of Statutory Rape Laws 27 U.C.L.A. L. Rev. 757 (1980); State v. Drake, 219 N.W.2d 492 (Iowa 1974).

[4] The Introductory Comment, p. 13, Wis. J I—Criminal, 1200–1219, Sexual Assault Instructions (1980) concludes that "there are three categories of victims under sec. 940.225 (2) (e):

"1) If the victim is under the age of fifteen, the victim is incapable of consent as a matter of law.

The defendant urges that although the legislature may have intended this result its accomplishment falls short of the intent. We disagree with the defendant and conclude that the statute does not require proof of nonconsent where the victim is under fifteen years of age. This construction is supported by the language of secs. 940.225 (1) (d), 940.225 (2) (e) and 940.225 (4) and the general statutory context in which these subsections appear and the legislative history of the offense of statutory rape.

Sec. 940.225 (1) (d), Stats. 1977, defines first-degree sexual assault, a Class B felony, and proscribes sexual contact or sexual intercourse with a victim twelve years of age or younger. The provision is silent as to the consent of the victim or the lack thereof.[5] Sec. 940.225 (2) (e), Stats. 1977, defines second-degree sexual assault, a Class C felony, and proscribes sexual contact or sexual intercourse with a person over the age of twelve years

"2) If the victim has reached his fifteenth but not his seventeenth birthday, the presumption of no consent applies.

"3) If the victim has reached his seventeenth but not his eighteenth birthday, the presumption does not apply and the issue of consent is determined under the standard consent definition of sec. 940.225 (4), without the benefit of the presumption."

For a discussion of the possible ambiguity as to the statutory age categories relating to a victim who has reached the twelfth but not the thirteenth birthday and a victim who has reached the seventeenth but not the eighteenth birthday, see Introductory Comment, pp. 10–13, Wis J I—Criminal 1200–1212 and Wis J I—Criminal 1216, Comment and note 12 (1980). These issues of statutory interpretation are neither raised nor decided in this case.

[5] Sec. 940.225 (1) (d), Stats. 1977, provides:

"(1) FIRST DEGREE SEXUAL ASSAULT. Whoever does any of the following is guilty of a Class B felony:

". . .

"(d) Has sexual contact or sexual intercourse with a person 12 years of age or younger."

and under the age of eighteen "without consent of that person, as consent is defined in sub. (4)." Sec. 940.225 (2) (e) is the only subsection of sec. 940.225 which specifically refers to sub. (4) when the word "consent" is used. Sub. (4) states that consent means "words or overt actions by a person who is competent to give informed consent indicating a freely given agreement to have sexual intercourse or sexual contact." Sub. (4) then describes who is competent to give consent. "A person under fifteen years of age is incapable of consent as a matter of law . . . [while] "[a] person who is 15 to 17 years of age [is] presumed incapable of consent but the presumption may be rebutted by competent evidence . . . ." Thus sub. (4) excludes those under the age of fifteen from the group of persons capable of giving consent and establishes a rebuttable presumption as to the capability to consent of a person between the ages of fifteen and seventeen.

The legislature did not set forth a presumption relating to consent and persons under fifteen years of age, *i.e.,* the statute does not state that if a person is under the age of fifteen she or he is presumed not to have consented. The legislature set forth a policy determination that a person under the age of fifteen is not competent to give consent and that sexual contact or sexual intercourse with such a person is a criminal offense. Reading sec. 940.225 (2) (e) and sec. 940.225 (4) together yields the conclusion that consent is not an element of the offense of second-degree sexual assault if the victim is under fifteen years of age.

Reading sec. 940.225 (4) to create a conclusive presumption that a person under fifteen years of age is incapable of consent strains the statutory language. First, the statutory language that "[a] person under fifteen years of age is incapable of consent as a matter

of law" does not use the words "presume" or "presumption." In comparison the statute uses the word "presumption" in reference to the capability of a person who is fifteen to seventeen years of age to consent. The statute states that fifteen to seventeen year old persons "are presumed incapable of consent but the presumption may be rebutted by competent evidence . . . ." Sec. 940.225(4), Stats. 1977.

Second, the statutory mandate that "[a] person under fifteen years of age is incapable of consent as a matter of law" does not set forth a presumption as that word is defined in the rules of evidence or as that word is generally understood. The rules of evidence state that "except as otherwise provided by statute" a presumption is a procedural device which "imposes on the party relying on the presumption the burden of proving the basic facts, but once the basic facts are found to exist the presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence." Rule 903.01, Stats. 1977.[6] *See also* Rule 903.03, Stats. 1977, 59 Wis.2d R41.[7] As to persons under 15 years of

[6] Rule 903.01, Stats. 1977, provides:

"**Presumptions in general.** Except as provided by statute, a presumption recognized at common law or created by statute, including statutory provisions that certain basic facts are prima facie evidence of other facts, imposes on the party relying on the presumption the burden of proving the basic facts, but once the basic facts are found to exist the presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence."

[7] Rule 903.03, Stats. 1977, provides:

"**Presumptions in criminal cases.** (1) SCOPE. Except as otherwise provided by statute, in criminal cases, presumptions against an accused, recognized at common law or created by statute, including statutory provisions that certain facts are prima facie evidence of other facts or of guilt, are governed by this rule.

age, sec. 940.225 (4) neither establishes a procedural device for proving a basic or presumed fact, nor shifts either the burden of producing evidence or the burden of persuasion as a true presumption might. Nothing in sec. 940.225 (4), Stats. 1977, indicates that the legislature intended the sentence relating to the capability of a person under fifteen to consent to state a presumption which would be an exception to the general rules applicable to presumptions set forth in Rules 903.01 and 903.03, Stats.

We conclude that sec. 940.225 (4), Stats. 1977, does not establish a presumption, conclusive or rebuttable, as to persons under 15 years of age. Sec 940.225 (2) (e) and sec. 940.225 (4), Stats. 1977, state a rule of substantive law that nonconsent of the victim is not an element of the substantive crime of second-degree sexual

---

"(2) SUBMISSION TO JURY. The judge is not authorized to direct the jury to find a presumed fact against the accused. When the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge may submit the question of guilt or of the existence of the presumed fact to the jury, if, but only if, a reasonable juror on the evidence as a whole, including the evidence of the basic facts, could find guilt or the presumed fact beyond a reasonable doubt. When the presumed fact has a lesser effect, its existence may be submitted to the jury if the basic facts are supported by substantial evidence, or are otherwise established, unless the evidence as a whole negatives the existence of the presumed fact.

"(3) INSTRUCTING THE JURY. Whenever the existence of a presumed fact against the accused is submitted to the jury, the judge shall give an instruction that the law declares that the jury may regard the basic facts as sufficient evidence of the presumed fact but does not require it to do so. In addition, if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge shall instruct the jury that its existence must, on all the evidence, be proved beyond a reasonable doubt."

assault when the victim is over the age of twelve and under the age of fifteen. As Professor Wigmore explains:

"In strictness, there cannot be such a thing as a 'conclusive presumption.' Wherever from one fact another is said to be conclusively presumed, in the sense that the opponent is absolutely precluded from showing by any evidence that the second fact does not exist, the rule is really providing that, where the first fact is shown to exist, the second fact's existence is wholly immaterial for the purpose of the proponent's case; and to provide this is to make a rule of substantive law, and not a rule apportioning the burden of persuading as to certain propositions or varying the duty of coming forward with evidence . . . ." 9 Wigmore, *Evidence* sec. 2492 at 292 (3d ed. 1940).[8]

Our determination that nonconsent is not an element of the crime when the victim is over twelve years of age and under fifteen years conforms to the state's history

---

[8] Conclusive presumptions are discussed by LaFave & Scott, *Criminal Law* sec. 21, p. 152 (Hornbook Series 1972) as follows:
*"Conclusive Presumptions*

"Sometimes criminal statutes contain, instead of rebuttable presumptions, what are commonly called conclusive or irrebuttable presumptions. For example, a statute might provide that it is bigamy for one to remarry knowing his spouse is alive, and also that the fact the spouse is alive shall give rise to a conclusive presumption that he knew the spouse was alive. Such a statute really means that as a matter of substantive law one who actually has a spouse and who remarries is guilty of bigamy whether or not he knows his spouse is alive, and the constitutional question is whether the legislature may constitutionally so provide. Yet some cases have held statutory conclusive presumptions unconstitutional as a violation of due process or an infringement on the rights of the judiciary or a denial of defendant's right to a jury trial, even though the statute, if worded in the form of a rule of substantive law rather than in the fictional language of a conclusive presumption, would probably have been held constitutional." (Notes omitted.)

*See also McCormick on Evidence* sec. 342 (Cleary, 1972).

of proscribing criminal sexual conduct with a minor. In sec. 940.225, as in prior sexual assault statutes, the legislature has focused on the fact that sexual assault is a nonconsensual act. This focus reflects the common law view that rape involves physical aggression by a male against an unwilling female. Nevertheless, as early as statehood and continuing thereafter, the offense of rape was expanded by the Wisconsin legislature to include intercourse with a female incapable of giving meaningful consent because of immaturity.[9] Beginning in 1849, ch. 133, sec. 40, 1849 Rev. Stats., this state has by statute made it a crime to engage in sexual intercourse with a person under a statutorily prescribed age regardless of the consent of the victim. In the last 130 years the Wisconsin legislature has not deviated from this view of criminal conduct, although it has changed the critical age of the victim from ten years (ch. 133, sec. 40, 1849 Rev. Stats.) to fourteen years (ch. 193, Laws of 1887), to twelve years (ch. 368, Laws of 1889), to fourteen years (ch. 370, Laws of 1895), to sixteen years (ch. 611, Laws of 1915), and to eighteen years (ch. 422, Laws of 1921). In 1955, sexual intercourse with a female under the age of eighteen was declared a crime, the penalty depending on the age of the female and the age of the male. *See* sec. 944.10, Stats. 1955, and sec. 944.10, Stats. 1973.[10] Sec. 940.225, Stats. 1977, was adopted in

[9] For a discussion of state rape or sexual assault laws, *see* ALI, 1 *Model Penal Code and Commentaries* sec. 213.1, Comment (1980); Bienen, Rape II, 3 Women's Rights Law Reporter, 90 (1977); Children's Rights Report, vol. II, No. 6, March, 1978, *Part I: The Strange World of Statutory Rape*, issued by the Juvenile Rights Project of the American Civil Liberties Union Foundation.

[10] Sec. 944.10, Stats. 1973, states:

"**Sexual Intercourse with a child.** Any male who has sexual intercourse with a female he knows is not his wife may be penalized as follows:

1975. Ch. 184, Laws of 1975.[11] The explicit language of sec. 940.225 (4), providing that a child under the age of fifteen is incapable of consent as a matter of law, continues the state's policy of penalizing sexual intercourse or sexual contact with a person under a legislatively prescribed age without regard to the consent of the victim.

Sec. 940.225 (1) (d), sec. 940.225 (2) (e) and sec. 940.-225 (4) fit together well if they are read to establish three substantive offenses: sexual contact or sexual intercourse with a person under twelve; sexual contact or sexual intercourse with a person over the age of twelve and under fifteen years of age; and sexual contact or sexual intercourse with a person who is fifteen to seventeen years of age without the consent of that person.

While the division of sec. 940.225 (2) (e) into two subsections, one covering sexual contact or sexual intercourse with a person who is over the age of twelve and under fifteen years of age, and the other covering sexual contact or sexual intercourse with a person who is fifteen to seventeen years of age without consent of

"(1) If the female is under the age of 18, fined not more than $1,000 or imprisoned not more than 5 years or both; or

"(2) If the female is under the age of 16, and the male is 18 years of age or over, imprisoned not more than 15 years; or

"(3) If the female is under the age of 12, and the male is 18 years of age or over, imprisoned not more than 30 years."

[11] The briefs of the parties debate the significance of a document written by an attorney involved in the drafting of the law. The document is in the drafting file of ch. 184, Laws of 1975, located in the Wisconsin Legislative Reference Bureau, State Capitol, Madison. A portion of the document appears to support the defendant's position while another portion appears to support the state's position. We decline to rely on one portion of the document or the other and did not consider this document in deciding the issue.

that person, as consent is defined in sub. (4), would have been more artful legislative drafting, the legislature's terminology in sec. 940.225 (2) (e) and sec. 940.-225 (4) does not adversely affect anyone's rights. Our interpretation of the statute is not novel, surprising or unforeseen and does not deprive the defendant of fair notice.[12] In determining the constitutionality of a statute we must be concerned with the substance of the statute, not formalisms. A stylistic formal flaw in drafting should not be grounds for invalidating the statute. *Mullaney v. Wilbur*, 421 U.S. 684, 699 (1975); Note, *The Conclusive Presumption Doctrine: Equal Process or Due Protection*, 72 Ohio L. Rev. 800, 827, 828 (1974).

We conclude that the operation and effect of sec. 940.-225, Stats. 1977, is to eliminate the element of nonconsent from the offense of second-degree sexual assault involving a victim over the age of twelve and under fifteen years of age, and that the existing statute, cosmetically defective as it may be, withstands the constitutional challenge which the defendant has made.[13]

*By the Court.*—Judgment affirmed.

[12] Tushnet, *Constitutional Limitations of Substantive Criminal Law: An Examination of the Meaning of Mullaney v. Wilbur*, 55 B.U. L. Rev. 775, 786–787 (1975).

[13] For a decision reaching a similar result, *see People v. Fauntleroy*, 94 Misc.2d 606, 405 N.Y.S.2d 931 (1978), *rev'd on other grounds*, 424 N.Y.S.2d 736 (1980). *But see State v. Heisinger*, 252 N.W.2d 899 (S.D. 1977) and *State v. Watson*, 264 N.W.2d 519 (S.D. 1978), in which the Supreme Court of South Dakota construed the South Dakota statute stating that "a person sixteen years of age or less shall be presumed incapable of consent to such acts (of sexual penetration)" as creating a rebuttable rather than a conclusive presumption. *See also* Note, *State v. Heisinger: "Statutory Rape's" Presumption of Incapacity to Consent—Rebuttable or Conclusive?*, 24 S.D. L. Rev. 523 (1979).