STATE of Wisconsin, Plaintiff-Respondent,†

v.

Rick L. CUYLER, Defendant-Appellant-Petitioner.

Supreme Court

No. 81–1636–CR. Argued December 2, 1982.—Decided January 5, 1983.

(Also reported in 327 N.W.2d 662.)

† Motion for reconsideration denied, without costs, on January 28, 1983.

For the defendant-petitioner there were briefs and oral argument by *Glenn L. Cushing*, assistant state public defender.

For the plaintiff-respondent the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

SHIRLEY S. ABRAHAMSON, J.   This is a review of an unpublished decision of the court of appeals filed April 27, 1982, affirming a judgment of the Circuit Court for Rock County, Edwin C. Dahlberg, circuit judge.  The defendant was convicted of one count of second degree sexual assault, sec. 940.225 (2), Stats. 1979–80, and two counts of enticing a child for immoral purposes, sec. 944.12, Stats. 1979–80.  We reverse the decision of the court of appeals and the judgment of conviction in the interest of justice because it appears from the record that the real controversy has not been fully tried.  Sec. 751.06, Stats. 1979–80.

According to the testimony presented at trial, SR, who was born on April 26, 1968, accused the defendant, who was an assistant manager at the apartment complex where they both lived, of having sexual intercourse with her on May 14, 1980.  This act forms the basis for the charge in the information of first degree sexual assault

contrary to sec. 940.225 (1) (d), Stats. 1979–80. The sexual assault statute defines first degree sexual assault as "sexual contact or sexual intercourse with a person 12 years of age or younger." Sec. 940.225 (1) (d), Stats. 1979–80. First degree sexual assault is a Class B felony.

The circuit court interpreted sec. 940.225 (1) (d) to apply to victims who had not yet reached their twelfth birthday. Since SR had reached her twelfth birthday, the circuit court, over the defendant's objection, amended the charge in the information at the end of trial from first degree sexual assault to second degree sexual assault and instructed the jury as to second degree sexual assault. Sec. 940.225 (2) (e), Stats. 1979–80, defines second degree sexual assault as sexual conduct or sexual intercourse with a person "over the age of 12 years and under the age of 18." The jury found the defendant guilty of second degree sexual assault. Second degree sexual assault is a Class C felony.

SR also accused the defendant of enticing her to a basement workroom (which is described as "locked" or "closed") on at least two different occasions in March and April 1980, of exposing himself to her, masturbating in front of her, and having her touch his penis. These two acts form the basis for the two counts in the information of enticing a child into a room with intent to commit a crime against sexual morality contrary to sec. 944.12, Stats. 1979–80.[1]

The circuit court instructed the jury that to find the defendant guilty of these counts of enticing, it must determine that the state has proved that the defendant intended to commit a crime against sexual morality. The circuit court then had to consider what crime against

---

[1] Sec. 944.12, Stats. 1979–80, provides as follows:

"944.12 **Enticing a child for immoral purposes.** Any person 18 years of age or over, who, with intent to commit a crime against sexual morality, persuades or entices any child under 18 years of age into any vehicle, building, room or secluded place is guilty of a Class C felony."

sexual morality should be set forth in the jury instructions. Although sexual assault is a crime against sexual morality under sec. 944.12, *State v. Morrow*, 95 Wis.2d 595, 599, 291 N.W.2d 298 (Ct. App. 1980), the circuit court ruled that the defendant's asking the victim to touch his genitals did not constitute sexual assault (in contrast to a case in which the defendant touches the victim's genitals). The circuit court instructed the jury that the crime against sexual morality which the state had to prove in this case was that the defendant "publicly and indecently" exposed his sex organ. Sec 944.20 (2), Stats. 1979–80.[2]

The trial became a credibility battle between the accuser and the accused. In response to SR's accusations, the defendant took the stand and denied any sexual contact, intercourse, or activity with the victim. To bolster the defendant's testimony, the defense attempted to introduce evidence as to defendant's character for truthfulness. The circuit court ruled that two police officers could not testify on behalf of the defendant as to the defendant's character for truthfulness.

Before we discuss the issues that are before this court on review, it is important to understand that two issues are neither presented to nor determined by this court. The first issue not before us is the correctness of the circuit court's interpretation of the first degree sexual assault statute that first degree sexual assault involves a victim who has not reached his or her twelfth birthday. Neither party has briefed or argued this issue. In *State v. Kummer*, 100 Wis. 2d 220, 226, n. 4, 301 N.W.2d 240, *cert. denied*, 451 U.S. 1020 (1981), we noted that the

---

[2] Sec. 944.20(2), Stats. 1979–80, provides as follows:

"**944.20 Lewd and lascivious behavior.** Whoever does any of the following is guilty of a Class A misdemeanor:

". . .

"(2) Publicly and indecently exposes a sex organ. . . ."

statutory language as to the age classifications may be open to question. The circuit court's interpretation of sec. 940.225(1)(d) in this case is consistent with the standard Wisconsin jury instructions and the committee notes accompanying them. II Wis. JI—Criminal, No. 1206.

The second issue not presented for review is whether the circuit court erred in ruling that the defendant's having the victim touch his penis is not a sexual assault. At oral argument both the state and defendant characterized the circuit court's ruling on this issue as erroneous.[3]

There are, however, three issues for our review.[4]

The defendant argues that the circuit court erred in precluding two police officers from testifying as to their opinion of the defendant's character for truthfulness. The defendant asserts that this error fundamentally prejudiced his trial because the trial was a credibility battle between himself and the victim and the circuit court's ruling precluded him from offering material evidence to bolster his credibility.

The defendant also argues that the circuit court erred in amending the charge from first degree sexual assault to second degree sexual assault after all the evidence was introduced, even though the circuit court had concluded that second degree sexual assault is not a lesser included offense of first degree sexual assault.

---

[3] Sec. 940.225(5)(a) was amended by ch. 309, Laws of 1981, to provide that " '[s]exual contact' means any intentional touching by the complainant or defendant . . . of the complainant's or defendant's intimate parts. . . ."

[4] This court also asked the parties to brief a fourth issue for our review, that is, whether the failure to object to the jury instruction on enticing a child precludes an argument on review that the evidence was insufficient to support a conviction. We do not reach that issue because it is not relevant to this decision. Both the state and the defendant agree that a party need not object to a jury instruction to preserve the right to challenge the sufficiency of the evidence on appeal.

Finally, the defendant contends that the circuit court erred in concluding that his exposure of his penis to the victim in a closed basement workroom with only the victim and defendant present constitutes "publicly" exposing a sex organ within the meaning of sec. 944.20, Stats. 1979–80.

We consider first whether the circuit court erred in excluding the police officers' testimony and, if so, whether such error was prejudicial. The parties agree on many aspects of the facts and law relating to this issue. Significantly, the parties agree that the defendant's credibility is a critical issue in this case and that the circuit court's refusal to permit the two police officers to testify resulted in the loss of testimony favorable to the defendant on the issue of his credibility. State's brief, p. 32; defendant's brief, p. 37.

The parties further agree that the rules of evidence permit a witness to testify to his or her personal opinion about the defendant's character for truthfulness or to the reputation of the defendant in the community for truthfulness or untruthfulness or to both personal opinion and reputation. We agree with the parties that sec. 906.08 (1), Stats. 1979–80, expressly authorizes the introduction of opinion evidence as well as reputation evidence as to truthfulness or untruthfulness. It provides as follows:

"(1) OPINION AND REPUTATION EVIDENCE OF CHARACTER. Except as provided in s. 972.11 (2), the credibility of a witness may be attacked or supported by evidence in the form of reputation or opinion, but subject to these limitations: a) the evidence may refer only to character for truthfulness or untruthfulness, and b), except with respect to an accused who testifies in his or her own behalf, evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."

The Judicial Council Committee's note to sec. 906.08 (1), 59 Wis. 2d R173, explains that the admission of

opinion evidence is a major change in Wisconsin law and a return to early nineteenth century Wisconsin cases that permitted opinion evidence in special circumstances. Opinion evidence is not geographically limited and does not require a foundation that the witness giving the opinion testimony is familiar with the community of the person about whom he or she is testifying. Sec. 906.08 (1) imposes no requirement that the witness giving the opinion testimony have a long acquaintance with the person or have recent information, since cross-examination can expose the witness's lack of familiarity with the person about whom he is testifying. Like other evidence, however, opinion evidence is not automatically admissible. The trial court may, for example, preclude a witness from giving opinion evidence as to truthfulness or untruthfulness if the witness lacks personal knowledge or if the probative value of the opinion evidence is substantially outweighed by considerations of unfair prejudice, confusion of issues, undue delay, etc. *See, e.g.,* 7 Wigmore, *Evidence,* sec. 1983 (Chadbourne ed. 1978) ; 3 Weinstein and Berger, *Weinstein's Evidence,* para. 608 [04] (1981).

The parties also agree that the circuit court erroneously concluded that reputation evidence is admissible but that opinion evidence is not and that both the circuit court and the attorneys tried this case in accordance with the circuit court's erroneous view of the law of evidence that reputation evidence is admissible but that opinion evidence is not.

The parties disagree as to whether the testimony of the police officers was offered as opinion evidence or as reputation evidence, whether the circuit court erred in excluding the testimony, and whether, if any error occurred, the error was prejudicial to the defendant.

The defendant asserts on this review that defense trial counsel and the circuit court were confused about reputation and opinion evidence, but that defense trial coun-

sel's offer of proof shows that the testimony of the two police officers was opinion evidence concerning the defendant's character for truthfulness. The defendant further asserts that the exclusion of the testimony of the two police officers violated his constitutional right to call witnesses on his behalf and that this error was not harmless beyond a reasonable doubt.

In contrast, the state asserts that the police officers' testimony was offered as evidence of the defendant's reputation in the community, not as personal opinion evidence; that the circuit court correctly excluded the offered reputation evidence because the police officers had no personal knowledge of the defendant's reputation in the community for truthfulness; that the defendant waived any claim of error because, as a matter of deliberate trial strategy, he affirmatively argued that opinion evidence was inadmissible and cannot on appeal make a belated claim of error; and that any error in excluding the testimony of police officers was harmless inasmuch as both the state and the defendant were harmed by the erroneous exclusion of opinion evidence and the harm to the state was greater than the harm to the defendant.[5]

We cannot determine from this record whether trial defense counsel confused opinion and reputation evidence or whether he deliberately sought to exclude all opinion evidence at the trial. The record does not show whether defense trial counsel intended the police officers to testify as to reputation evidence or whether he was responding to the circuit court's previous erroneous ruling (which he had helped to foster) and therefore tried to disguise opinion evidence as reputation evidence. Corresponding-

---

[5] The state asserts that the circuit court excluded evidence offered by the state to prove the victim's character for truthfulness for the same reason that the court excluded the proffered testimony of the defendant's witnesses.

ly, we cannot determine from this record whether the circuit court's erroneous exclusion of opinion evidence offered by both the state and the defendant on balance was beneficial rather than prejudicial to the defendant.

We do conclude, however, as the defendant has urged us to do, that we should exercise our statutory discretion to reverse this conviction in the interest of justice and remand the case for a new trial. We conclude that the case was not fully tried inasmuch as the circuit court erred in its interpretation of sec. 906.08(1) and excluded admissible and material evidence on the critical issue of credibility. The defendant was denied the right to bolster his credibility through the testimony of police officers who held opinions as to his truthfulness. The exclusion of this evidence adversely affected the defendant since credibility is a determinative issue in this case.

The legislature granted this court discretionary power to reverse a judgment or order from which an appeal is taken. Sec. 751.06, Stats. 1979–80, provides as follows:

"751.06 **Discretionary reversal.** In an appeal in the supreme court, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record, and may direct the entry of the proper judgment or remit the case to the trial court for the entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice."

This court is reluctant to grant a new trial in the interest of justice and exercises its discretionary power only in exceptional cases. *Rogers v. State,* 93 Wis. 2d 682,

694, 287 N.W.2d 774 (1980) ; *Garcia v. State,* 73 Wis. 2d 651, 655, 245 N.W.2d 654 (1976). The rule often stated by this court is that " 'a new trial in the interest of justice will be granted only if there has been an apparent miscarriage of justice and it appears that a retrial under optimum circumstances will produce a different result.' " *Garcia v. State,* 73 Wis. 2d 651, 654, 245 N.W.2d 654 (1976), quoting *Jones (George Michael) v. State,* 70 Wis. 2d 41, 56, 233 N.W.2d 430 (1975), and *State v. Elson,* 60 Wis. 2d 54, 69, 208 N.W.2d 363 (1973). This court has not, however, applied a mechanistic formula to determine when it should exercise its discretionary power under sec. 751.06. As we have said in previous cases, justice has miscarried because the real controversy has not been fully tried.

Because opinion evidence was erroneously excluded, the defendant did not have a full trial on the issue of credibility, which is the crux of the case. This case is similar to both *Logan v. State,* 43 Wis. 2d 128, 168 N.W.2d 171 (1969), and *Garcia v. State,* 73 Wis. 2d 651, 245 N.W.2d 654 (1976), in which we granted new trials in the interest of justice. In this case, as in *Logan* and in *Garcia,* the major issue was the credibility of the witnesses, and the jury was not given the opportunity to hear important testimony that bore on that issue.

In *Logan,* we remanded for a new trial because "counsel's confusion resulted in the omission of highly probative evidence, which, if believed, could have materially altered the result of the trial. It went directly to the crux of the case—the credibility of the defendant as contrasted with the credibility of the complaining witness." *Logan v. State, supra,* 43 Wis. 2d at 137. In *Garcia* we emphasized that "[t]he administration of justice is and should be a search for the truth," and that the jury cannot search for truth if it cannot consider relevant and admissible evidence on a critical issue in the case. *Garcia v. State, supra,* 73 Wis. 2d at 655.

This case presents a close case for the exercise of our statutory discretion. We choose to exercise the discretion here because on reading the record we conclude that the circuit court's erroneous view of sec. 906.08(1) permeated the whole trial, that material witnesses on a major issue in the case were erroneously precluded from testifying, and that the real controversy has not been fully tried. We therefore reverse the judgment of conviction and order a new trial.[6] Because we reverse the judgment in the interest of justice, we need not reach the second and third issues presented for review.

*By the Court.*—Decision of the court of appeals reversed; judgment of the circuit court reversed; cause remanded to the circuit court for a new trial.

LOUIS J. CECI, J. *(dissenting)*. The majority correctly quotes the often-stated rule, "[A] new trial in the interest of justice will be granted only if there has been an apparent miscarriage of justice *and* it appears that a retrial under optimum circumstances will produce a different result." *Garcia v. State,* 73 Wis. 2d 651, 654, 245 N.W.2d 654 (1976), quoting *Jones (George Michael) v. State,* 70 Wis. 2d 41, 56, 233 N.W.2d 430 (1975). (Emphasis added.) However, the majority then goes on to misapply that rule.

The two prongs of the rule for granting a new trial in the interest of justice are stated in the conjunctive. The majority opinion, by necessity, does not discuss whether a retrial under optimum circumstances would produce a different result. Even if this point is glossed over to

---

[6] Barring statutory or constitutional prohibitions, the defendant can, on remand, be charged with any alleged offenses arising out of the incidents described in the information. In response to questioning on oral argument both the state and defense counsel commented that in the event of a new trial the state probably cannot charge first degree sexual assault because of the double jeopardy provisions of the federal and state constitutions.

avoid a "mechanistic" application of the rule, a new trial on this basis is not warranted, since justice has not miscarried.

The majority characterizes the proffered testimony of the two witnesses as "opinion evidence," apparently meaning the personal opinion of the witness concerning the veracity of the defendant. However, it is apparent from reading the record that the defense was attempting to present testimony of the witnesses regarding their opinions of Cuyler's reputation in the community for truth and veracity. The defense counsel did not ask either witness about his individual opinion as to the defendant's character for truthfulness and veracity.[1] Defense counsel did question the witnesses about their opinions of the defendant's reputation for truthfulness. One of the defendant's attorneys stated, "The sole purpose of [the testimony] is to testify as to the reputation of the defendant for truthfulness and varacity [sic] based upon his professional and social contacts with the defendant in the community. . . ." Defense counsel later reiterated this purpose. This was obviously a matter of trial tactics by the defense counsel.

The defense counsel had earlier successfully objected to the proffered testimony of a prosecution witness concerning her individual opinion of the victim's truthfulness and veracity. Since the defendant successfully objected to the evidence proffered by the prosecution, he cannot now complain that the ruling was erroneous and was prejudicial to him. *Zindell v. Central Mut. Ins. Co.*, 222 Wis. 575, 582, 269 N.W. 327 (1936). Although "an objection need not be made to preserve a constitutional error

---

[1] The witnesses did give their individual opinions as to the defendant's character for truthfulness, in nonresponsive answers to the defense counsel's questions about the defendant's reputation for truthfulness. Apparently, neither witness had had any contact with the defendant for the past three years.

for appeal . . . a deliberate choice of strategy, even if it backfires, amounts to a waiver binding upon the defendant and this court." *State v. McDonald,* 50 Wis. 2d 534, 538, 184 N.W.2d 886 (1971) ; *State v. Ruud,* 41 Wis. 2d 720, 726, 165 N.W.2d 153 (1969).

Moreover, both *Logan v. State,* 43 Wis. 2d 128, 168 N.W.2d 171 (1969), and *Garcia v. State,* 73 Wis. 2d 651, cited by the majority, present a stronger case for granting a new trial in the interest of justice than the situation now before us. In *Logan,* the defendant was charged and convicted of armed robbery and endangering safety by conduct regardless of life. At trial the defendant testified that he never had a gun and that he never asked the victim for the victim's billfold. The defendant's brother would have corroborated this version of the incident ; however, because of defense counsel's confusion as to the characterization of the testimony, the witness was withdrawn. The defendant in *Garcia* was found guilty, as a party to the crime, of intentionally discharging a firearm into a building under circumstances in which he realized there might be a person in the building. The victim identified the defendant as being in a group of men, one of whom had a handgun. After the defendant was imprisoned, another man came forward and stated that he was the driver of the car involved in the shooting episode and that the defendant was not present or in any way involved. This court held that the defendant was entitled to a new trial in the interest of justice, although we termed it a "close case." 73 Wis. 2d at 655.

The proffered testimony in both *Garcia* and *Logan,* if believed, would have directly exculpated the defendants in those cases. This cannot be said of either reputation or opinion character evidence. The fact that neither witness in the instant case had had any contact with the defendant for the past three years renders the testimony

even less beneficial to the defendant. Under these circumstances, a new trial is not warranted. I would affirm.

I am authorized to state that Justice ROLAND B. DAY and Justice WILLIAM G. CALLOW join in this dissenting opinion.