Elaine A. Ray, Petitioner-Appellant,
v.
Town of Kinnickinnic, Through its Town Clerk, Carole Hoopman, its Town Chairperson, Mary Murphy, Its Town Treasurer, Brenda Lavalley, and its Town Supervisors Paul Goudreault and Cathy Moeger, Respondents-Respondents.
No. 04-2449-FT.
Court of Appeals of Wisconsin.
Opinion Filed: March 29, 2005.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶ 1 PER CURIAM.
Elaine Ray appeals an order dismissing, without prejudice, her petition for an alternative writ of mandamus to compel Town of Kinnickinnic officials to comply with her open records requests.[1] Ray agreed to the order of dismissal, with the following conditions: the Town must (a) conduct its affairs in full compliance with Wisconsin open records and open meetings laws; (b) not conduct its meetings by e-mail; and (c) copy Ray at her e-mail address with any communications the Town disseminates.
¶ 2 On appeal, Ray argues that the circuit court erroneously determined that her open records request was moot and that the documents requested are not subject to the attorney-client privilege. She further argues that this court should direct the circuit court to issue a writ of mandamus. However, the record of the proceedings refutes her claim that the dismissal order was not the result of an agreed upon settlement. Because Ray agreed to the entry of an order of dismissal, she has failed to preserve her claim of error. Therefore, we affirm the order.

FACTS
¶ 3 In 2002, the City of River Falls considered annexing some property in the Town of Kinnickinnic. Ultimately, the City decided to proceed with annexation and the Town opposed it, resulting in litigation.[2] In April 2003, Ray sought public records from the Town and members of its Town Board relating to meetings regarding the annexation. She claims that some of the records were produced, but many were not. She sought to compel production through a writ of mandamus.
¶ 4 In September 2003, the circuit court issued a writ of mandamus compelling the Town to produce the information requested or to explain why it should not be produced. Ray claimed that the Town refused to produce the records, asserting they were privileged. In July 2004, the circuit court dismissed the annexation suit between the City and the Town due to procedural irregularities. Thereafter, the circuit court heard Ray's motion to compel compliance with the writ of mandamus. Following extensive discussion, the court entered an agreed upon order dismissing, without prejudice, Ray's petition. This appeal follows.

DISCUSSION
¶ 5 On appeal, Ray argues that her open records request is not moot and that the documents requested are not subject to the attorney-client privilege. As a general rule, we will not decide issues that have not first been raised in the trial court. Terpstra v. Soiltest, Inc., 63 Wis. 2d 585, 593, 218 N.W.2d 129 (1974). Because the record reveals that Ray agreed to the order of dismissal, we do not review her claims of error.
¶ 6 The record demonstrates Ray agreed to dismiss her petition. At the hearing, the circuit court observed that it had dismissed the annexation case and "everything that was done basically is moot because there were, procedurally, defects in the annexation done by the City of River Falls." Ray acknowledged the information she sought related to the annexation, and the court inquired, "I'm making people redo that, and I know there's at least somewhat of a new board ... why is this mandamus writ necessary now?"
¶ 7 Ray explained that if the City sought to re-annex, private citizens might try to influence the board. The court pointed out the board has "essentially agreed that they will not do government through e-mail" and, "since I've thrown out the action that you were complaining about to me, logically then we don't need to proceed on this."
¶ 8 Ray had no objection. She responded: "That's all right if that seems logical to you. If you could somehow get" (Emphasis added.) At that point the court interjected:
[M]aybe we could get some consensus here. ... [P]erhaps we could agree that I could order the town board to not do government by email; that open records law must be enforced; that, you know, open government is ... one of the foundations of our country; and that no private actions or influence should occur. It must be done publicly. And so any reannexation issues, whatever, shall be done publicly.
Ray replied: "And that the private citizens who are aligned with the board won't be included with meetings with the attorney that the rest of us aren't invited to. And then I would be happy if you add that." (Emphasis added.)
¶ 9 The court, Ray, and the Town's attorney continued to discuss on the record the order and its wording. Following their discussion, the court concluded:
So I think if we can get some sort of an agreement here that this case can be dismissed with the agreement that, as I indicated earlier, the practice of meeting by e-mail will be terminatedand it already has been, I believe. ... I honestly think this ought to be dismissed, and I can say without prejudice. Because if they do it again, I think the new matter and the old matter ought to be brought back to me. (Emphasis added.)
Again, Ray did not object but responded: "Okay." The Town's attorney stated that he agreed "[a]nd I think you're really asking the town to agree to nothing more than to comply with the open meeting law ... [a]nd they have to and they will."
¶ 10 The court continued to discuss the reasons for open meeting laws, and concluded, "And I guess I've said enough. You understand[,]" to which Ray replied, "Oh, yes, I understand. I wonder if I could ask, since [my] bringing this action brought about their education and it brought about their compliance somewhat, could I have fees and costs awarded to me?" (Emphasis added.) A discussion followed regarding the reimbursement for fees and costs. The court requested the Town to bring the reimbursement issue before the Town board at its next meeting.[3] When the Town's attorney indicated that it would include in the order that Ray would receive e-mail transmissions from the Town, Ray replied, "Thank you."
¶ 11 The court ordered the Town to comply fully with open records and open meeting laws, not conduct e-mail meetings and "per agreement of the parties made in open Court," electronically copy Ray with "any communications disseminated by the Town."[4]
¶ 12 "It is a fundamental principle of appellate review that issues must be preserved at the circuit court." State v. Huebner, 2000 WI 59, ¶ 10, 235 Wis. 2d 486, 611 N.W.2d 727. While an appellate court may, in a proper case, consider new issues for the first time on appeal, State ex rel. GMC v. City of Oak Creek, 49 Wis. 2d 299, 319, 182 N.W.2d 481 (1971), generally, the province of this court is to correct errors of the trial court. See Hillman v. Columbia County, 164 Wis. 2d 376, 396, 474 N.W.2d 913 (Ct. App. 1991). Ray never specified any objections; therefore, the trial court was not given an opportunity to consider them and either correct itself or make a ruling that this court could then review. See id., ¶ 12. We decline Ray's invitation to consider her arguments made for the first time on appeal.
¶ 13 Ray contends, however, that the court's order was not a negotiated settlement. She claims that the record discloses the court had already made up its mind and, therefore, her failure to object should not be considered. We disagree. While it may be debatable whether the court had reached a decision, it was incumbent upon Ray to articulate an objection to preserve her issue for appeal. The record is unequivocal that Ray agreed to an order dismissing her petition without prejudice. A litigant's deliberate strategic choice and claims of error based on a litigant's own choice will not be considered on appeal. See State v. McDonald, 50 Wis. 2d 534, 538, 184 N.W.2d 886 (1971).
¶ 14 Ray argues that there is no basis in judicial efficiency or equity to prevent this court from reviewing her claims of error. She asserts the "Town should not be allowed to escape its statutory democratic responsibilities on the basis of such a legalistic, technical argument." We reject Ray's characterization of the rule. "The waiver rule is not merely a technicality or a rule of convenience; it is an essential principle of the orderly administration of justice." Huebner, 235 Wis. 2d 486, ¶ 11 (citing Freytag v. Commissioner of Internal Revenue, 501 U.S. 868, 894-95 (1991) (Scalia, J., concurring)). "The rule promotes both efficiency and fairness, and `go[es] to the heart of the common law tradition and the adversary system.'" Huebner, 235 Wis. 2d 486, ¶ 11 (citing State v. Caban, 210 Wis. 2d 597, 604-05, 563 N.W.2d 501 (1997)).
The waiver rule serves several important objectives. Raising issues at the trial court level allows the trial court to correct or avoid the alleged error in the first place, eliminating the need for appeal. [State v.] Erickson, 227 Wis. 2d [758,] 766[, 596 N.W.2d 749 (1999)]. It gives both parties and the trial judge notice of the issue and a fair opportunity to address the objection. Erickson, 227 Wis. 2d at 766. Furthermore, the waiver rule encourages [diligent preparation for] trials. Vollmer v. Luety, 156 Wis. 2d 1, 11, 456 N.W.2d 797 (1990). Finally, the rule prevents attorneys from "sandbagging" errors, or failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal. Freytag, 501 U.S. at 895; see also Vollmer, 156 Wis. 2d at 11. For all of these reasons, the waiver rule is essential to the efficient and fair conduct of our adversary system of justice.
Huebner, 235 Wis. 2d 486, ¶ 12.
¶ 15 Ray claims, nonetheless, that the mootness issue was before the court because it was the court that brought up the issue in the first place. Regardless of the accuracy of Ray's characterization of the record,[5] Ray fails to show that she offered any objection to the order of dismissal without prejudice.
¶ 16 Ray further claims that she sought the writ of mandamus as a private citizen unrepresented as counsel and, therefore, we should disregard her failure to preserve her objections to the order. This argument is unavailing. Pro se litigants, other than prisoners, are "bound by the same rules that apply to attorneys on appeal." Waushara County v. Graf, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992). "The right to self-representation is `[not] a license not to comply with relevant rules of procedural and substantive law.'" Id. (quoting Farretta v. California, 422 U.S. 806, 834 n.46 (1975)).
¶ 17 Ray further argues that she objected to a draft of the proposed order, because it failed to specify that private citizens should not be meeting with the Town's lawyers on Town business. Ray's record citation fails to support her assertion. See WIS. STAT. RULE 809.19(1)(e).[6] In any event, her claimed objection goes to the form, not the entry, of the negotiated order. As an error correcting court, we address issues actually tried and submitted. Ray had the obligation to direct the court's attention to the issues to be submitted for determination. See Evjen v. Evjen, 171 Wis. 2d 677, 688, 492 N.W.2d 361 (Ct. App. 1992). Because Ray reached an agreement to dismiss her petition without prejudice, she failed to preserve her claim that the court erroneously determined her open records request was moot and the documents requested were not subject to the attorney-client privilege.[7]
By the Court.  Order affirmed.
NOTES
[1] This is an expedited appeal under WIS. STAT. RULE 809.17. All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] We derive the background information from Ray's appellate brief. Ray's brief, however, lacks record citation for many of the facts asserted, see WIS. STAT. RULE 809.19(1)(e), and the citation that she does provide is inadequate because it refers only to her appendix. The appendix fails to contain any record citation whatsoever. We have no duty to scour the record to review arguments unaccompanied by adequate record citation. See Tam v. Luk, 154 Wis. 2d 282, 291 n.5, 453 N.W.2d 158 (Ct. App. 1990).
[3] The Town claims this was done and the Town approved payment of Ray's costs.
[4] The court's order provided in part:

And the Court taking judicial notice of File 03 CV 110, ... finding a certain annexation by the City of River Falls ... to be procedurally defective;
And the court finding the issues raised in the present action so linked ... as to make the issues raised in this matter moot;
And the Court having obtained acknowledgment of the Town ... not to conduct Town meetings by e-mail communication and to fully comply with the State of Wisconsin open meeting and open records laws;
And the Court having recommended (but not ordered) the Town of Kinnickinnic to reimburse [Ray] for her filing fee and service fees incurred herein in the interest of producing amicable resolution of this matter ....
[5] In context, it appears that the circuit court indicated at the hearing that the dismissed annexation lawsuit was moot. The Town then indicated that the mandamus action was moot. Ray fails to indicate that she disputed the Town's assertion. In any event, even if Ray had initially questioned whether her mandamus petition was moot, she ultimately agreed to the order of dismissal, without prejudice, along with the conditions contained therein.
[6] Her record citation goes to a proposed and unsigned order, but it does not recite any objection to the order that the court ultimately signed.
[7] In its non-party brief, see WIS. STAT. RULE 809.19(7), the Wisconsin Newspaper Association and the Wisconsin Broadcaster Association state: "In fact, any person could submit today an identical request to the Town for the same communications addressing the annexation issue ... and the Town would have to comply with the new request consistent with its obligations under the Open Records Law." This assertion, as well as the fact that the agreed upon dismissal order was issued without prejudice, does not persuade us to consider Ray's arguments for the first time on appeal.